# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,   :   Case No. 3:16-cr-099
                                 Also 3:20-cv-031

                                 District Judge Walter H. Rice
- vs -                      Magistrate Judge Michael R. Merz

RODRIGO GARCIA-LOZA,

        Defendant.   :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 58). As a request for post-conviction relief, it is referred to the undersigned under General Order Day 13-01.

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Defendant seeks relief on the basis of *United States v. Davis*, 139 S. Ct. 2319 (June 24, 2019), which holds 18 U.S.C. § 924(c)(3)(B)'s definition of a crime of violence (the so-called "residual clause") is unconstitutionally vague.

Garcia-Loza argues his Motion is timely because it was filed within one year of the *Davis* decision and the AEDPA one-year statute of limitation began to run on that date. The Magistrate Judge assumes for the sake of argument that *Davis* should be applied retroactively to cases on collateral review, such as this one. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015).

The flaw in Garcia-Loza's argument is that the firearm count to which he pleaded did not charge him with possessing the firearm in relation to a crime of violence, but rather with possessing the firearm in furtherance of a drug trafficking crime (See Indictment, ECF No. 14; Plea Agreement, ECF No. 33; Judgment, ECF No. 49). The definition of a drug trafficking crime is provided in 18 U.S.C. § 924(c)(2). That definition was not involved in *Davis* and certainly not declared vague by that decision.

**Conclusion**

Because Defendant's conviction is not rendered voidable by Davis, supra, his Motion to Vacate should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and

that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 30, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.